IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

**ENTERED**
**09/06/2007**

```
                              )
IN RE                         )
                              )
OAKTREE IMAGING, L.P.,        )    CASE NO. 06-80348-G3-7]
                              )
          Debtor,             )
                              )
```

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Trustee's Motion for Approval of Sale of Property" (Docket No. 26).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Oaktree Imaging, L.P. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 29, 2006. The case was transferred to the Galveston Division by order entered September 5, 2006.  Robbye R. Waldron ("Trustee") is the Chapter 7 Trustee.

In the instant motion, Trustee seeks to sell the estate's interest in all the physical assets scheduled by Debtor, including an MRI machine, to Dr. Barry Liberoni, for $50,000.

Trustee avers that the sale is subject to a lease agreement with Citicapital/Citicorp Vendor Finance, Inc. (the "Citicorp Lease")

The Citicorp Lease names Citicorp as lessor of the MRI machine, and names as lessee "Barry J. Liberoni, M.D., P.A., D/B/A Oak Tree Imaging." (Trustee's Exhibit 3).[1]

The MRI machine is located in real property leased by Debtor from Physicians Real Estate, L.P., an entity controlled by Liberoni.  (Trustee's Exhibit 2).

The proposed sale is opposed by Dr. Joel Wolinsky. Wolinsky asserts that subsequent to the filing of the petition in the instant case, Liberoni, on behalf of either Debtor or another entity controlled by Liberoni, leased the MRI machine to River Oaks Imaging and Diagnostic ("River Oaks").

James King, the chief executive officer of River Oaks, testified that River Oaks is presently using the MRI machine.  He testified that the agreement under which River Oaks is using the MRI machine is set to expire November 30, 2007.  He testified that he has served notice that River Oaks intends not to renew the agreement.

Trustee testified that he has been the Chapter 7 trustee in approximately 20 cases involving MRI machines.  He

---

[1]The court notes that there is a pending dispute between Liberoni and the objector, Dr. Joel Wolinsky, regarding the interrelationship of several entities owned by Liberoni and their course of dealing with Wolinsky.  However, this dispute, which remains pending in state court, is not material to this court's consideration of the instant motion.

testified that the MRI machine is approximately eleven years old.
He testified that MRI machines are difficult and expensive to
move, and difficult to store.  He testified that, in light of the
cost of moving MRI machines, the only buyers for MRI machines are
usually the persons with access to the space in which the MRI
machine is located.

Trustee testified that Liberoni made the only offer he
has received to purchase the assets.  He testified that, as part
of the sale, Liberoni will withdraw his proof of claim.  He
testified that the proposed sale does not release any cause of
action the estate may have against Liberoni, including seeking
recovery of the funds Liberoni or entities controlled by Liberoni
may have received from River Oaks.[2]  He testified that he
believes the proposed sale is in the best interest of the estate.

### Conclusions of Law

The proposed sale in the instant case is governed by
Section 363(b)(1) of the Bankruptcy Code, which provides that the
debtor may sell property of the estate, other than in the
ordinary course of business, after notice and a hearing.

The Bankruptcy Code does not define the standards for
determination of whether to permit a proposed sale of property of
the estate.  A bankruptcy court may in some situations sit "as an

---

[2]Trustee testified that he has requested that his counsel
investigate and provide to him a litigation opinion on whether
the estate may recover under such causes of action.

3

overseer of the wisdom with which the bankruptcy estate's property is being managed by the trustee or debtor-in-possession, and not, as it does in other circumstances, as the arbiter of disputes between creditors and the estate."  In re Orion Pictures Corp., 4 F.3d 1095 (2d Cir. 1993); In re Aerovox, Inc., 269 B.R. 74 (Bankr. D. Mass. 2001).

The Trustee's decision should be approved, where a sound business purpose justifies such action.  In re Aerovox, Inc., 269 B.R. 74 (Bankr. D. Mass. 2001), citing In re Delaware & Hudson Ry., 124 B.R. 169 (D.Del. 1991), Stephens Industries, Inc. v. McClung, 789 F.2d 386 (6th Cir. 1986), and In re Titusville Country Club, 128 B.R. 396 (Bankr. W.D. Pa. 1991).

In the instant case, the cost and difficulty in moving an MRI machine, its age, and the absence of other firm offers support Trustee's conclusion that a sound business purpose justifies sale of the MRI machine and other physical assets to Liberoni.  The court concludes that the proposed sale is in the best interest of the estate.

Based on the foregoing, a separate Judgment will be entered granting the "Trustee's Motion for Approval of Sale of Property" (Docket No. 26).

Signed at Houston, Texas on September 6, 2007.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE