

**ENTERED**
**01/16/2009**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| OAKTREE IMAGING, L.P., | ) | CASE NO. 06-80348-G3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has held a trial on the "Amended Objection to Claim No. 3 Filed by Physician Real Estate on October 9, 2008 in the Amount of $57,911.34" (Docket No. 84) filed by Joel S. Wolinsky, MD, PA.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered disallowing the claim.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Oaktree Imaging, L.P. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 29, 2006.  Robbye R. Waldron ("Trustee") is the Chapter 7 Trustee.

On August 10, 2007, Trustee moved to sell the estate's interest in certain assets to Dr. Barry Liberoni.  (Docket No.

26).

At a contested hearing on Trustee's motion to sell, Trustee testified that, as part of the offer to sell, Liberoni agreed to release his own claims and those of his affiliates. Counsel for Liberoni participated in the hearing on Trustee's motion to sell.

After the contested hearing, the court entered a Memorandum Opinion (Docket No. 38) and a Judgment approving the sale (Docket No. 39).

Physician Real Estate ("Claimant"), an affiliate of Liberoni, filed a proof of claim, in the amount of $57,911.34, on October 9, 2008.

At the hearing on the instant claim objection, Trustee reiterated his testimony that, as part of the offer to sell, Liberoni agreed to release his own claims and those of his affiliates.  Trustee testified that there is no written contract between the estate and Liberoni.  Trustee testified that he received the purchase price, and that Liberoni took possession of several assets in which the estate had asserted an interest, including an MRI machine.

<u>Conclusions of Law</u>

When a proof of claim in bankruptcy is filed, the party filing the claim is presumed to have made a prima facie case

2

against the debtor's assets.  The objecting party must produce evidence rebutting the presumption raised by the proof of claim. If such evidence is produced, the party filing the claim must then prove by a preponderance of the evidence the validity of the claim.  The claiming party, through this process, bears the ultimate burden of proof.  <u>In re Fidelity Holding Company, Ltd.</u>, 837 F.2d 696, 698 (5th Cir. 1988); <u>In re Missionary Baptist Foundation of America</u>, 818 F.2d 1135, 1143-1144 (5th Cir. 1987).

State law provides the rules governing the process of interpreting contracts.  <u>River Prod. Co. v. Webb (In re Topco, Inc.)</u>, 894 F.2d 727 (5th Cir. 1990).

Under Texas law, an oral contract for the conveyance of personal property is valid.  Parol evidence is admissible to prove the terms of the contract.  <u>Ballard v. Carmichael</u>, 18 S.W. 734 (Tex. 1892).

An order approving a sale under Section 363 of the Bankruptcy Code is self-executing.  <u>Regions Bank of La. v. Rivet</u>, 224 F.3d 483 (5th Cir. 2000).

In the instant case, the objector contends that Liberoni agreed to release the claims of his affiliates as part of the consideration for the purchase of the estate's interest in the assets.  The objection raised is sufficient to rebut the prima facie validity of Claimant's claim.  Claimant has failed to sustain its burden of proof as to the validity of its claim.  The

3

court concludes the claim of Claimant should be disallowed.

Based on the foregoing, a separate Judgment disallowing the claim of Physician Real Estate will be entered.

Signed at Houston, Texas on January 16, 2009.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE